Filed 1/8/14  P. v. Farr CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048121 |
| v. | (Super. Ct. No. R-00961) |
| CHARLES EVANS FARR, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

After a hearing, the trial court found Charles Evans Farr in violation of probation and sentenced him to serve 180 days in jail as provided for under the Criminal Justice Realignment Act of 2011 (Pen. Code, § 1170, subd. (h))[1] and Postrelease Community Supervision Act of 2011 (PRCS) (§ 3450 et seq.). He argues the trial court abused its discretion by imposing the maximum term allowable under section 3455, subdivision (d). We disagree and affirm the judgment.

## FACTS

In July 2008, Farr pled guilty to three felonies, evading a police officer (Veh. Code, § 2800.2), buying or receiving a stolen vehicle or vessel (§ 496d, subd. (a)), and receiving stolen property (§ 496, subd. (b).). The trial court sentenced him to four years in prison.

In June 2012, Farr was released from prison and placed on PRCS. In November, the probation department petitioned for revocation of Farr's PRCS. An attachment submitted in support of the petition alleged Farr stopped reporting to the probation department, Farr failed to provide a current address or make himself available for drug testing, and had been arrested for being under the influence of a controlled substance. Farr admitted the alleged violations on November 14, 2012, and the trial court ordered him committed to jail for 90 days.

In January 2013, the probation department filed a second petition for revocation of Farr's PRCS. The petition alleged Farr quit reporting to the probation department, failed to seek drug treatment as directed, failed to appear for drug testing, and possessed .10 of a gram of methamphetamine. Following a contested hearing, the trial court found Farr in violation of PRCS and ordered him committed to jail for 180 days.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2

Section 3455 governs violations of PRCS. Subdivision (a) of that section states, "Upon a finding that the person has violated the conditions of postrelease community supervision, the revocation hearing officer shall have authority to do all of the following: [¶] (1) Return the person to postrelease community supervision with modifications of conditions, if appropriate, including a period of incarceration in county jail. [¶] (2) Revoke and terminate postrelease community supervision and order the person to confinement in the county jail. [¶] (3) Refer the person to a reentry court pursuant to Section 3015 or other evidence-based program in the court's discretion." Section 3455, subdivision (d) limits the period of confinement ordered pursuant to subdivision (a)(1) or (2) to a maximum of 180 days.

On appeal, Farr argues the trial court abused its discretion by imposing 180 days in jail for what he describes as a technical violation of the terms of his PRCS. We disagree.

"In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'" [Citations.] Second, a "'decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.''" [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

Here, the trial court imposed the maximum period of confinement after Farr was twice found in violation of the terms of his PRCS, each time for failing to report as

directed, possessing or using drugs, and refusing to submit to drug testing. There is nothing arbitrary, capricious, or patently absurd in the trial court's determination Farr deserved the maximum period of confinement to effectuate the purposes behind PRCS, which is the reduction of recidivism and the costs associated with prison incarceration. (§ 3450.) Consequently, the trial court acted well within its broad sentencing discretion.

## DISPOSITION

The judgment is affirmed.

THOMPSON, J.

WE CONCUR:

O'LEARY, P. J.

ARONSON, J.